

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 12, 1973

Honorable Bevington Reed, Commissioner
Coordinating Board
Texas College & University System
P. O. Box 12788
Austin, Texas 78711

Opinion No. H- 99

Re: Construction of
§ 51. 353, Texas
Education Code,
with reference to
circumstances
under which a
refund of premium
is due to university

Dear Commissioner Reed:

Your letter of March 28, 1973, sets forth the following facts:

"On May 1, 1969, Antoinette Daleo, then
employed by The University of Texas at Austin
became a participant in the Optional Retirement
Program for Institutions of Higher Education.
She continued participation in the program as an
employee of The University of Texas at Austin
until January 1972. She was employed by Bee
County College from January 15, 1972, to August
15, 1972, a period of seven months."

On behalf of Bee County College, you ask our opinion on the following
question:

"Does Bee County College have an obligation
to obtain refunds on the State's matching portion of
the Optional Retirement Program for the period from
January 15, 1972, to August 15, 1972?"

Article 51. 353 (a) of the Texas Education Code provides as follows:

"(a) There is hereby established an optional retirement program. Participation in the optional retirement program is in lieu of active membership in the retirement system. The governing boards of all institutions of higher education shall make available to all faculty members in their component institutions, agencies, and units the optional retirement program which shall provide for the vesting of benefits after one year of participation in one or more plans operating pursuant to this Act in one or more institutions of higher education. "

This statute was amended in 1971 by adding the words "in one or more plans operating pursuant to this act in one or more institutions of higher education" at the end of the second sentence.

Prior to this amendment, Attorney General Opinion M-420 (1969) held that vesting required participation for one calendar year in a single institution.

It is now the opinion of this office that the amendment noted above had the effect of allowing vesting after participation in a plan for one calendar year even though said year of participation is at more than one institution of higher education, and further that, once vested, all future contributions by the same employee are similarly vested even though made through different institutions of higher learning.

The facts of your letter indicate that the subject employee participated in the fund for considerably more than one year. Accordingly, all contributed funds vested in said employee and Bee County College has no obligation or right to obtain a refund of the state's matching portion of the optional retirement program for the period from January 15, 1972, to August 15, 1972.

### SUMMARY

Funds contributed to an optional retirement
fund by an employee of an institution of higher

education under Article 51. 353 of the Texas Education
Code vest after one year of participation whether or
not the employee has been employed by more than a
single such institution, and, once vested, all future
contributions made by the same employee vest although
made through different institutions of higher education.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee